**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 399 HEALTH & WELFARE TRUST; and CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS,<br><br>    Plaintiffs,<br><br> vs.<br><br>WABASH OPCO HOTELS LLC, a Delaware Limited Liability Company,<br><br>    Defendant. | CASE NO.: 26-cv-7135<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |

**COMPLAINT**

NOW COME the Plaintiffs, the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 399 HEALTH & WELFARE TRUST ("WELFARE FUND") and the CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS ("PENSION FUND"), by and through their attorneys, JOHNSON & KROL, LLC, and complain of the Defendant, WABASH OPCO HOTELS LLC ("WABASH OPCO"), as follows:

**JURISDICTION AND VENUE**

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145). The Court has jurisdiction over the subject matter pursuant to 29 U.S.C. §§ 1132 and 1145, as well as 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. §1132(e)(2) in that the WELFARE

Page 1 of 6

FUND is administered at 2260 S. Grove Street, Chicago, Illinois, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The Plaintiff WELFARE FUND is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration in Chicago, Illinois.

4. The Plaintiff PENSION FUND is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 1125 17th Street NW, Washington, DC 20036.

5. The WELFARE FUND and PENSION FUND are each "multiemployer plans" within the meaning of 29 U.S.C. § 1002(37) and have been established pursuant to Section 302(c)(5) of the Labor Management Relations Act (hereinafter referred to as the "LMRA") (29 U.S.C. § 186(c)(5)). The Plaintiff Funds are legal entities which may sue or be sued pursuant to 29 U.S.C. § 1132(d).

6. The International Union of Operating Engineers of Chicago, Illinois and Vicinity Local No. 399 ("Union") is a "labor organization representing employees in an industry affecting commerce" within the meaning of Sections 2 and 301(a) of the LMRA (29 U.S.C. §§ 152 and 185(a)); and is the bargaining representative of Defendant WABASH OPCO's bargaining unit employees.

7. Defendant WABASH OPCO is a Delaware limited liability company.

8. Defendant WABASH OPCO operates the Holiday Inn Express Chicago – Magnificent Mile Hotel, formerly known as the Hotel Cass Holiday Inn Express, located at 640 N. Wabash Avenue in Chicago, Illinois.

**COUNT I**
**BREACH OF THE COLLECTIVE BARGAINING AGREEMENT**

9. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-8 of this Complaint with the same force and effect as if fully set forth herein.

10. Effective May 24, 2024, WABASH OPCO signed an Assumption Agreement with the Union which bound WABASH OPCO to the terms and conditions of a Collective Bargaining Agreement ("CBA") between HCIL Associates LLC, an Illinois Limited Liability Company, and the Union. (A copy of the Assumption Agreement is attached as **Exhibit 1**; a copy of the CBA is attached as **Exhibit 2**).

11. Article XXVIII provides that the CBA will continue in full force and effect from year to year after June 30, 2024, unless notice is served by either party on the other at least ninety (90) days prior to the date of expiration or succeeding anniversary dates. (**Exhibit 2**).

12. Neither party has provided notice of cancellation under Article XXVIII of the CBA.

13. The CBA remains in effect, and at all times material and relevant to this action, Defendant has employed employees who have performed covered work under the CBA.

14. Through the CBA, WABASH OPCO also became bound by the provisions of the Agreements and Declarations of Trust ("Trust Agreements") that created the WELFARE FUND and PENSION FUND.

15. Pursuant to the WELFARE FUND's Trust Agreement, the Trustees adopted a Collection and Audit Policy ("Collection Policy") to administer audits and the collection of contributions from contributing employers. (A copy of the Collection Policy is attached as **Exhibit 3**).

16. Pursuant to the provisions of the CBA, the Trust Agreements, and the Collection Policy, WABASH OPCO is required to pay monthly contributions to the WELFARE FUND for

all bargaining unit employees.

17. WELFARE FUND contributions are billed in the third (3rd) week of the month preceding the month being billed, and payment is due the first (1st) day of the month following the month being billed.

18. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132(g)(2)), provisions of the CBA, the WELFARE FUND's Trust Agreement, and the Collection Policy, employers who fail to submit their monthly contributions to the WELFARE FUND within ninety (90) days of the due date are responsible for the payment of liquidated damages equal to 10% of the amount unpaid, plus reasonable attorney's fees, and costs associated with collecting delinquent contributions and liquidated damages.

19. WABASH OPCO failed to submit contributions to the WELFARE FUND for October 2024 through February 2025 and April 2025 through May 2025 in the aggregate amount of $25,088.00.

20. As a result of WABASH OPCO's failure to submit contributions to the WELFARE FUND for October 2024 through February 2025 and April 2025 through May 2025 within ninety (90) days of the due date, WABASH OPCO owes the WELFARE FUND liquidated damages totaling $2,508.80.

21. Pursuant to the provisions of the CBA and the PENSION FUND's Trust Agreement, WABASH OPCO is required to pay monthly contributions to the PENSION FUND for all bargaining unit employees at the rate set forth in the CBA.

22. PENSION FUND contributions for WABASH OPCO are due the fifteenth (15th) day of the month following the month for the reported period.

23. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132(g)(2)), provisions of the CBA,

and the PENSION FUND's Trust Agreement, employers who fail to submit their monthly contributions to the PENSION FUND by the due date are responsible for the payment of liquidated damages up to 20% of the amount unpaid, interest at a rate of 9.0% per annum, plus reasonable attorney's fees, and costs associated with collecting delinquent contributions, liquidated damages, and interest.

24. WABASH OPCO failed to report and pay contributions to the PENSION FUND for the months of May 2024 through May 2025 in the estimated amount of $35,610.00.

25. As a result of WABASH OPCO's failure to timely submit contributions to the PENSION FUND for May 2024 through May 2025, WABASH OPCO owes the PENSION FUND liquidated damages in the estimated amount of $5,341.50 and interest in the estimated amount of $3,913.32.

26. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from WABASH OPCO.

27. WABASH OPCO is obligated to pay the reasonable attorney's fees and court costs incurred by Plaintiffs pursuant to the CBA, Trust Agreements, Collection Policy, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That judgment be entered in favor of the WELFARE FUND and against WABASH OPCO in the aggregate amount of $27,596.80 for its breach of the CBA, itemized as follows:

    i. $25,088.00 in unpaid contributions; and

    ii. $2,508.80 in liquidated damages;

B. That judgment be entered in favor of the PENSION FUND and against WABASH OPCO requiring WABASH OPCO to submit all outstanding remittance reports and pay all

outstanding contributions, interest, and liquidated damages for work performed from May 2024 through May 2025 as required under the CBA, which is estimated to total $44,864.82, itemized as follows:

   i.      $35,610.00 in unpaid contributions;

   ii.     $5,341.50 in liquidated damages; and

   iii.    $3,913.32 in interest;

C.    That this Honorable Court enter judgment in favor of Plaintiffs and against WABASH OPCO for any amounts discovered to be owed in addition to those set forth in Paragraphs A through B above;

D.    That WABASH OPCO be ordered to pay the reasonable attorney's fees and costs incurred by Plaintiffs pursuant to the CBA, Trust Agreements, Collection Policy, and 29 U.S.C. § 1132(g)(2)(D); and

E.    That Plaintiffs have such other and further relief as the Court may deem just and equitable, all at WABASH OPCO'S cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully Submitted,

**INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 399 HEALTH & WELFARE TRUST** *et al.*

/s/ William M. Blumthal, Jr. - 6281041
One of the Plaintiffs' Attorneys

**JOHNSON & KROL, LLC**
311 S. Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 757-5477
blumthal@johnsonkrol.com